UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-61997-CIV-HUCK/O'SULLIVAN

MERLE WOOD & ASSOCIATES
INC.,

    Plaintiff,

v.

TRINITY YACHTS, LLC.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

This matter is presently before the Court on Defendant Trinity Yachts, LLC's Corrected Motion to Dismiss Amended Complaint with Prejudice (D.E. #29).[1] For the reasons set forth below, Trinity's Motion is granted as to Counts V and VI of the Amended Complaint and denied as to all remaining counts.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an action brought by Merle Wood & Associates, Inc. ("MWA") against Trinity Yachts, LLC ("Trinity") to recover commissions MWA is allegedly owed in connection with the sale of two yachts. In the latter part of 2004, MWA, a Florida corporation engaged in the listing and sale of yachts, introduced its clients, the Von Allmens, as prospective yacht purchasers to Trinity, a yacht

---

[1] Trinity's Motion to Dismiss was originally filed as D.E. #12. The Corrected Motion to Dismiss was filed to address an error in electronic filing. The substance of the Motion to Dismiss remains unchanged.

1

manufacturing and distributing company.[2] The Von Allmens subsequently purchased a 158-foot new build yacht from Trinity. MWA alleges that it was entitled to a commission upon the delivery of the 158-foot yacht to, and receipt by Trinity of final payment from, the Von Allmens. MWA also claims that it received an initial $150,000.00 from Trinity when the Von Allmens executed the new build contract and paid the initial deposit on the 158-foot yacht in 2004. The 158-foot yacht was delivered to the Von Allmens in the fall of 2006. According to MWA, the Von Allmens later purchased another yacht from Trinity. This yacht, which measures 186 feet in length, is still under construction and is expected to be delivered in 2011. MWA contends that it performed all of its obligations upon the introduction of the Von Allmens to Trinity, and that it had no further obligations to fulfill in order to earn its commissions on both of the yachts ultimately purchased.

On September 8, 2010, MWA filed suit in Florida State Court to recover the brokerage commissions allegedly owed by Trinity. In its initial complaint, MWA asserted claims for breach of an oral contract, breach of an implied contract, quantum meruit, and unjust enrichment with respect to the 158-foot yacht. Trinity removed the action to this Court on October 18, 2010. In its Amended Complaint, filed on December 6, 2010, MWA added claims for quantum meruit and unjust enrichment as to the 186-foot yacht.[3]

---

[2] For purposes reviewing the Motion to Dismiss, all well-pleaded facts in MWA's Amended Complaint and all reasonable inferences drawn from those facts must be taken as true. See Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).

[3] The claims alleged in MWA's Amended Complaint are as follows: Count I: breach of oral contract as to the 158-foot yacht; Count II: breach of implied contract as to the 158-foot yacht; Count III: quantum meruit as to the 158-foot yacht; Count IV: unjust enrichment as to the 158-foot yacht; Count V: quantum meruit as to the 186-foot yacht; Count VI: unjust enrichment as to the 186-foot yacht.

Trinity now seeks to dismiss MWA's Amended Complaint with prejudice. Trinity contends that MWA failed to properly plead "procuring cause" allegations with respect to its breach of oral contract and breach of implied contract claims, that Florida's Statute of Frauds bars MWA's contract claims and MWA's claims for quantum meruit and unjust enrichment, and that the statute of limitations bars MWA's claims for quantum meruit and unjust enrichment. Each of Trinity's arguments shall be addressed in turn.

## LEGAL ANALYSIS

**1.     "Procuring Cause"**

Trinity first contends that Counts I and II of MWA's Amended Complaint, which set forth claims for breach of an express oral contract and breach of an implied contract, respectively, should be dismissed for failure to state a cause of action for a brokerage commission. Trinity argues that, to be entitled to a commission, "a broker must show that he or she was the 'procuring cause' of the sale; that is that they participated in a course of negotiations which led up to a sale of the subject property." D.E. #13 at 5. Trinity states that because MWA simply alleges that it introduced the Von Allmens to Trinity and does not contend it was the procuring cause of the sale of the 158-foot yacht, MWA has not stated a claim for a commission, and Counts I and II must be dismissed.

The procuring cause doctrine typically applies in cases "where a broker calls a purchaser's attention to the property and starts the negotiation, but the sale is consummated by the vendor or through another broker or consummated upon different terms than those originally specified in the broker's contract of employment." 7 Fla. Jur. 2d *Brokers* § 77 (2011). In other words, the procuring cause doctrine comes into play when a court is called upon to determine whether a party is entitled to a commission due to his or her efforts in effectuating the ultimate sale. *See, e.g.*, *Fearick v.*

*Smugglers Cove, Inc.*, 379 So. 2d 400, 403 (Fla. 2d DCA 1980) ("Generally, to be the procuring cause of a sale, 'a broker must show that he called the potential purchaser's attention to the property and that it was through his efforts that the sale . . . was consummated." (quoting *B&B Super Markets, Inc. v. Metz*, 260 So. 2d 529, 531 (Fla. 2d DCA 1972))).

The procuring cause doctrine is simply inapplicable in a case, such as this, where the plaintiff seeks payment of a commission, not based upon his or her efforts in ultimately securing the sale, but rather based on an express agreement between the parties that a commission is due and owing upon performance of certain obligations. *See Siegel v. Landquest, Inc.*, 761 So. 2d 415, 416-17 (Fla. 5th DCA 2000) ("***In the absence of a special contract***, a broker is entitled to a commission when he or she is the 'procuring case' of a sale") (emphasis added); *Allenby & Assocs., Inc. v. Crown "St. Vincent" Ltd.*, 8 So. 3d 1211, 1212 (Fla. 4th DCA 2009) (citing *Siegel v. Landquest, Inc.*); *Galvin v. D.B. Tyler & Assocs., Inc.*, 326 So. 2d 457, 457 (Fla. 4th DCA 1976) (Mager, J., dissenting) ("It may be said that in the absence of an express or written contract a broker would be entitled to a commission where the broker is the procuring cause of the sale or transaction . . . ."); *Rausch-Livingston Real Estate, Inc. v. Dixon*, 260 So. 2d 290, 292 (Fla. 2d DCA 1972) ("There is nothing in the law which prohibits a special or unusual brokerage contract between a seller and a broker; and as long as it is not illegal or otherwise contrary to public policy the parties to a brokerage contract may agree as they see fit with respect to when the brokerage is earned.").

In Count I of its Amended Complaint, MWA alleges that MWA and Trinity entered into an express oral contract under which Trinity agreed to pay MWA a commission for introducing the Von Allmens to Trinity if the Von Allmens actually purchased a yacht from Trinity. MWA further alleges that the Von Allmens subsequently purchased a 158-foot yacht from Trinity, that Trinity

breached the parties' agreement by refusing to pay MWA the commission when it came due, and that MWA suffered money damages as a result of Trinity's failure to pay. MWA need not have alleged that it was the procuring cause of the sale of the boat to properly plead its breach of express contract claim, because, according to the parties' alleged oral agreement, MWA did not need to do anything more than introduce Trinity to a buyer who ultimately purchased a yacht to earn a commission. MWA has alleged sufficient facts to state claim for relief that is plausible on its face, and the Court rejects Trinity's argument that Count I fails to state a cause of action for breach of an express oral contract.

Similarly, MWA need not allege that it was the procuring cause of the sale of the 158-foot yacht to sufficiently state a cause of action for breach of an implied contract as set forth in Count II of its Amended Complaint. As opposed to an express contract, a contract implied in fact is "based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words." *Commerce P'ship 8098 Ltd. P'Ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 385 (Fla. 4th DCA 1997). If MWA sought to prove it was entitled to a commission because it effectuated the sale of the yacht, then MWA may have had to allege and prove that it was the procuring cause of the transaction. MWA, however, is not attempting to demonstrate the existence of an implied in fact contract based on its involvement in the ultimate sale of the yacht; indeed, MWA alleges that it fully performed all of its obligations at the time it introduced the Von Allmens to Trinity as potential purchasers. Rather, what MWA seeks to prove, based on the parties' conduct, is that Trinity promised to pay MWA a commission simply for the introduction of the Von Allmens to Trinity. As alleged in MWA's Amended Complaint, the conduct from which the Court can infer an agreement between the parties is the partial payment of $150,000.00 made by Trinity to MWA

5

on December 14, 2004. Accordingly, MWA's failure to set forth "procuring cause" allegations does not defeat its claim for breach of an implied contract as set forth in Count II.

### 2. Statute of Frauds

Additionally, Trinity argues that various counts of MWA's Amended Complaint are barred by Florida's Statute of Frauds. Florida's Statute of Frauds provides, in relevant part, that "no action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing." Fla. Stat. § 725.01. Trinity first argues that MWA's claims for breach of an express oral contract (Count I) and breach of an implied-in-fact contract (Count II) as to the 158-foot yacht fall within the Statute of Frauds because the introduction of the Von Allmens to Trinity occurred in 2004 and the commission was not to be paid until the 158-foot yacht was delivered in 2006. Accordingly, Trinity contends, the complaint "plainly pleads an oral contract, the performance of which was not to take place within a year." D.E. #13 at 7.

In response, MWA argues that the Statute of Frauds does not apply to bar the alleged oral agreement because "[n]owhere on the face of MWA's Amended Complaint is it apparent that it was the parties [sic] understanding that the contract could not possibly be performed within one year." D.E. #24 at 6. MWA correctly articulates the rule of law on this point. In *Yates v. Ball*, the Florida Supreme Court set forth the applicable principles regarding the Statute of Frauds:

> [T]o make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made. . . . When, as in this case, no definite time was fixed by the parties for the performance of their agreement, and there is nothing in its terms to show that it could not be performed within a year

> according to its intent and the understanding of the parties, it should not be construed as being within the statute of frauds.

181 So. 341, 344 (Fla. 1937). Thus, where the parties have not specified a time for performance of a contract, the Statute of Frauds only applies where it is apparent that the parties intended and understood that such contract was not to be performed within one year from its making. *Id*; *see also Byam v. Klopcich*, 454 So. 2d 720, 721 (Fla. 4th DCA 1984) ("The general rule is that an oral contract for an indefinite time is not barred by the Statute of Frauds. Only if a contract could not possibly be performed within one year would it fall within the statute.") (internal citations omitted). Such is the case even when actual performance runs beyond one year. *See Yates*, 181 So. at 344-45.

There is no indication, from the face of MWA's Amended Complaint, that the alleged agreement to pay commissions could not have been performed within a year according to the intent and understanding of the parties. While MWA claims that it introduced the Von Allmens to Trinity in the latter part of 2004, MWA does not allege that there was a specific time in which the yacht was to be constructed and delivered or in which the Von Allmens were to make a final payment to Trinity, thereby rendering MWA's commission due and payable. It makes no difference that the commission did not actually become due and payable until the fall of 2006, because the focus of the inquiry is on the intent of the parties and not the time in which the agreement was actually performed. *See Yates*, 181 So. at 344-45. Accepting MWA's allegations as true, is not clear from the face of the Amended Complaint that the parties intended or understood that the contract would take longer than a year to complete. Accordingly, Trinity's Statute of Frauds defense to Counts I and II of the Amended Complaint fails at this time. *See BGW Design Ltd., Inc. v. Serv. Am. Corp.*, No. 10-20730-Civ, 2010 WL 5014289, at *5 (S.D. Fla. Dec. 3, 2010) (noting that, with respect to the

Statute of Frauds, the "intent of the parties is a factual matter and therefore should not be resolved on a motion to dismiss.").

Furthermore, even assuming that the agreement was to extend past one year, the Statute of Frauds applies only to executory contracts, and not to contracts, such as the one in the present case, that have been fully executed. *See McDowell v. Ritter*, 13 So. 2d 612, 612 (Fla. 1943) ("The law is settled that the statute of frauds applies only to executory contracts and has no application to agreements fully performed on both sides."); *Moneyhun v. Vital Indus., Inc.*, 611 So. 2d 1316, 1319 (Fla. 1st DCA 1993) ("[T]he statute of frauds only applies to executory contracts, not to agreements that have been fully performed.  Full performance takes the agreement beyond the operation of section 725.01."); *J.F. Hoff Elec. Co., Inc. v. Goldstein*, 560 So. 2d 419, 421 (Fla. 4th DCA 1990) ("[T]he Statute of Frauds is not applicable because we are not dealing with an executory contract. The contract sued upon between [the parties] has been fully executed."); *Miami Beach First Nat'l Bank v. Shalleck*, 182 So. 2d 649, 651 (Fla. 3d DCA 1966) ("The Supreme Court of Florida has long held that the statute applies only to executory and not to executed contracts."); *see also* 27 Fla. Jur. 2d *Statute of Frauds* § 8 (2011) ("The Statute of Frauds applies only to executory contracts and not to agreements fully performed on both sides.  When an oral contract has been fully performed by one party, the Statute of Frauds may not be employed as a defense.").

Here, MWA alleges that the parties agreed that MWA was entitled to a commission for introducing the Von Allmens to Trinity should the Von Allmens actually purchase a Trinity yacht. Such commission would be due and payable when the yacht was delivered to, and Trinity received final payment from, the Von Allmens.  MWA further alleges that the Von Allmens did in fact purchase a 158-foot yacht, and that the 158-foot yacht was delivered in 2006.  While MWA does not

specifically allege that the Von Allmens made a final payment to Trinity upon receipt of the 158-foot yacht, MWA does allege that "[a]ll conditions precedent have been performed or have otherwise been waived."[4] D.E. #11 at 3. Thus, when MWA instituted this action in September of 2010, all obligations under the contract had been fully performed, and all that remained was payment of the commission supposedly owed. The alleged contract between MWA and Trinity is thus no longer executory and no longer within the purview of the Statute of Frauds.[5] Accordingly, Counts I and II of MWA's Amended Complaint survive Trinity's Motion to Dismiss.

---

[4] In any event, as alleged in the Amended Complaint, MWA's performance was complete upon introduction of the Von Allmens to Trinity. Such performance is not altered by the fact that Trinity was not entitled to a commission until the Von Allmens made a final payment on the 158-foot yacht. *See Fresh Capital Fin. Servs., Inc. v. Bridgeport Capital Servs., Inc.*, 891 So. 2d 1142, 1145 (Fla. 4th DCA 2005) ("Fresh Capital's full performance is not altered by the fact that Bridgeport did not owe a commission until a referred client paid Bridgeport a factoring fee. A client's payment of a factoring fee is a condition precedent to Bridgeport's obligation to pay commissions; that contingency does not require further performance by Fresh Capital. The doctrine of full performance by one party 'is not conditioned upon performance by third parties.'") (citations omitted).

[5] The parties devote a substantial portion of their briefing to the issue of whether the part performance exception to the Statute of Frauds applies in this case. MWA argues that Trinity partially performed under the parties' agreement by making an initial $150,000.00 payment of MWA's commission in 2004, thus exempting the agreement from the Statute of Frauds. Trinity contends that the part performance exception does not apply in actions at law for money damages. The part performance exception, which arose in the context of sale of land cases, existed to provide relief to a party who had performed some or all of its duties under an oral contract for the sale of land by allowing that party to bring an action in equity for specific performance of the sale agreement. *See Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1346 n.6 (S.D. Fla. 1999). Accordingly, courts have held that the part performance exception does not apply where a party seeks a remedy at law rather than equity. *Id.* at 1346 ("Because Plaintiffs here seek to obtain a remedy at law rather than equity, the part performance exception does not apply, and their claims are barred by the Statute of Frauds."); *see also Elsberry v. Sexton*, 54 So. 592, 593 (Fla. 1911) ("Part performance of such a contract tract is a ground of relief in equity only, and there on the principle of relieving from fraud."). However, this Court need not decide whether the part performance exception applies in this case because, as discussed above, MWA alleges that all obligations under the contract have been completely and fully performed, and the only issue remaining is payment of the commission due. Such a contract is fully executed and, under the long-standing rule that the Statute of Frauds only applies to executory agreements, is not subject to the Statute of Frauds.

Trinity makes an additional Statute of Frauds argument with respect to Counts III through VI of MWA's Amended Complaint, which set forth claims in quantum meruit and for unjust enrichment as to both yachts. Trinity first contends, however, that MWA's quantum meruit and unjust enrichment claims should not be allowed to proceed at all, due to the fact that MWA alleged breach of contract claims. *See* D.E. # 13 at 4 ("MWA cannot seek equitable relief where an express contract exists."). While MWA will not be allowed double recovery, MWA can certainly plead alternative claims of quantum meruit and unjust enrichment unless and until the existence of an express contract is proven. *See Manicini Enters., Inc. v. Am. Express Co.*, 236 F.R.D. 695, 699 (S.D. Fla. 2006) ("[T]he Court finds the Plaintiff should be permitted to plead alternative equitable claims for relief as the existence of express contracts between the Parties has yet to be proven.").

Trinity then argues that Counts III through VI should be dismissed on the ground that Florida's Statute of Frauds, while generally not barring recovery in quantum meruit and unjust enrichment, prohibits recovery when such actions involve the recovery of a brokerage commission. The Court need not address this argument at the present time. The material Trinity cites in support of its argument that the Statute of Frauds bars a quantum meruit or unjust enrichment action involving a brokerage fee presupposes that the Statute of Frauds "otherwise would deny recovery." *Harrison v. Pritchett*, 682 So. 2d 650, 652 (Fla. 1st DCA 1996) (quoting Candace S. Kovacic, *A Proposal to Simplify Quantum Meruit Litigation*, 35 Am. U. L. Rev. 547, 595-96 (1986)). As discussed above, there is nothing, on the face of MWA's Amended Complaint, that suggests the Statute of Frauds applies to the facts of this case, irrespective of whether the allegations are classified as a breach of contract claim, a quantum meruit claim, or a claim in quasi-contract. Should

discovery and further fact-finding support a different result, the Court may reevaluate Trinity's Statute of Frauds arguments at that time.[6]

### 3.     Statute of Limitations

Finally, Trinity contends that Counts III through VI of the Amended Complaint, the counts asserting claims for quantum meruit and unjust enrichment for both the 158-foot yacht and the 186-foot yacht, are barred by the statute of limitations. Trinity argues that the statute of limitations begins to run "on the date the services are provided" and that MWA's claims therefore accrued when MWA introduced the Von Allmens to Trinity in the latter part of 2004. Accordingly, Trinity asserts that the four-year statute of limitations[7] ran well before MWA filed its initial complaint in September of 2010.

Under Florida law, "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Fla. Stat. § 95.031; *see also* 35 Fla. Jur. 2d *Limitations and Laches* § 56 ("A limitations period ordinarily does not begin to run until the plaintiff has a complete and present cause of action, and a cause of action does not become complete and present until the plaintiff can file suit and obtain relief."). "A cause of action accrues when the

---

[6] It should be noted, however, that Trinity's argument finds little support in Florida case law. As MWA points out, the law review article cited by the *Harrison* Court merely recognizes that some states will not allow quantum meruit recovery where that state requires "agreements to pay brokerage or finder's fees be in writing." Candace S. Kovacic, *A Proposal to Simplify Quantum Meruit Litigation*, 35 Am. U. L. Rev. 547, 595-96 (1986). Florida is not among those states listed in the article. *See id.* at 594 n.223. Furthermore, the only other Florida case cited by Trinity for the proposition that a broker cannot recover in quantum meruit or quasi-contract relied on a statute that has been long since repealed. *See Dugas v. Dubois*, 221 So. 2d 771, 772 (Fla. 4th DCA 1969) (relying on Fla. Stat. § 537.05 (repealed 1976), which provided: "Before any licensee under this chapter shall engage in any transaction for which a license is required under this chapter, he shall obtain a written authorization from his principal to so act.").

[7] Florida provides a four-year statute of limitations for "[a] legal or equitable action on a contract, obligation, or liability not founded on a written instrument, including an action for the sale and delivery of goods, wares, and merchandise, and on store accounts." Fla. Stat. § 95.11(3)(k).

11

last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). Claims for quantum meruit and unjust enrichment provide relief on the theory that the party seeking relief conferred a particular benefit on the defendant, and conferring such a benefit is an element of both causes of action. *See Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1229 (S.D. Fla. 2009) ("The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff."); *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999) ("To satisfy the elements of quantum meruit, a plaintiff must allege facts that, taken as true, show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it."); *see also Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1194 (11th Cir. 2009) (quoting *W.R. Townsend*). Accordingly, quantum meruit and unjust enrichment claims accrue at the time the alleged benefit is conferred by the plaintiff on the defendant and the defendant accepts such benefit. *See In re Burton Wiand Receivership Cases Pending in the Tampa Div. of the Middle Dist. of Fla.*, Nos. 8:05-cv-1856-T-27MSS et al., 2008 WL 818504, at *8 (M.D. Fla. March 26, 2008) ("Under Florida law, however, an unjust enrichment claim accrues when the benefit is conferred."); *see also Fowler v. Towse*, 900 F. Supp. 454, 460 (S.D. Fla. 1995) ("[A] cause of action for unjust enrichment does not accrue until the defendant knowingly and voluntarily accepts the benefits bestowed upon him.").

In this case, the alleged benefit conferred by MWA on Trinity occurred not when MWA introduced the Von Allmens to Trinity, as Trinity contends, but rather when Trinity received final

12

payment from the Von Allmens. No right to recover arose upon the mere introduction of the Von Allmens to Trinity; indeed, the Von Allmens simply could have decided not to purchase a new build yacht at all. Instead, Trinity realized the ultimate benefit of MWA's introduction when it built and delivered a yacht to the Von Allmens and received money in return. MWA's claims thus accrued, for statute of limitations purposes, when Trinity received payment from the Von Allmens for building and delivering a yacht.[8] *See, e.g., Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A.*, 938 So. 2d 571, 577 (Fla. 4th DCA 2006) (holding that a cause of action for unjust enrichment, stemming from a fee splitting agreement between two law firms, did not accrue until 2004 because the plaintiff law firm alleged that the defendant law firm "did not receive the benefit until it was paid the attorney's fees in 2004.").

Thus, it appears that MWA's claims for quantum meruit and unjust enrichment as to the 158-foot yacht (Counts III and IV) accrued sometime in the fall of 2006 when the 158-foot yacht was delivered. While MWA does not allege the specific date on which the yacht was delivered or on which Trinity received final payment, it is not evident that these events took place prior to September 8, 2006—four years before MWA filed its initial complaint in state court.[9] Because it is not apparent, from the face of the Amended Complaint, that MWA's claims for quantum meruit and unjust enrichment regarding the 158-foot yacht are barred by the four-year statute of limitations, the

---

[8] It should be noted that this analysis is consistent with MWA's allegation in its Amended Complaint that the balance of the commission owed was due on delivery of a yacht to, and receipt by Trinity of the final payment from, the Von Allmens, as well as MWA's statement in its Response to Trinity's Motion Dismiss that "MWA simply had no right to the balance of the commission . . . until the yacht was delivered to, and final payment received from, the Von Allmens." D.E. #24 at 12.

[9] As noted above, while MWA does not specifically allege that Trinity received final payment for the 158-foot yacht from the Von Allmens so as to trigger the start of the statute of limitations period, MWA does allege that "[a]ll conditions precedent have been performed or have otherwise been waived." D.E. #11 at 3. Additionally, Trinity does not seem to contest that it actually received payment from the Von Allmens for the 158-foot yacht.

Court will not dismiss Counts III and IV on statute of limitations grounds at this time. *See Potiker v. Gasiunasen Gallery*, No. 09-82356-CIV, 2010 WL 2949943, at *2 (S.D. Fla. July 26, 2010) ("A dismissal based on statute of limitations grounds is appropriate under Fed. R. Civ. P. 12(b)(6) 'if it is apparent from the face of the complaint that the claim is time-barred.'" (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004))). If it is later determined that the 158-foot yacht was delivered, and Trinity received payment from the Von Allmens, prior to September 8, 2006, the Court may reevaluate Trinity's statute of limitations defense.

MWA's quantum meruit and unjust enrichment claims as to the 186-foot yacht, as alleged in Counts V and VI of the Amended Complaint, raise a different issue. MWA claims that the Von Allmens purchased the 186-foot yacht after they purchased the 158-foot yacht. MWA also alleges, however, that "[t]he 186-foot Yacht is still under construction and is expected to be delivered by Trinity to Von Allmen in 2011." D.E. #11 at 3. If the 186-foot yacht has yet to be delivered and Trinity has yet to receive payment from the Von Allmens, then the benefit of MWA's introduction has not been conferred.[10] Thus, by MWA's own logic, its quantum meruit and unjust enrichment claims as to the 186-foot yacht have not accrued:

> MWA simply had no right to the balance of the commission, as pled in its Amended Complaint, until the yacht was delivered to and final payment received from, the Von Allmens. Indeed, any quasi-contract claims asserted by MWA prior to that point in time would have been premature and subject to dismissal.

---

[10] In its Amended Complaint, MWA alleges that the Von Allmens were not to make a final payment to Trinity on the 158-foot yacht until the 158-foot yacht was completed because the purchase price would not be finalized until that time. MWA does not, however, specify when the Von Allmens were to make a final payment on the 186-foot yacht, and MWA does not state that the Von Allmens have made a final payment on the 186-foot yacht. Thus, the above analysis presumes that, as with the 158-foot yacht, the Von Allmens' final payment on the 186-foot yacht was not due until the yacht was completed. According to the Amended complaint, this has not yet occurred.

D.E. # 24 at 12.  Accordingly, MWA's quantum meruit and unjust enrichment claims for the 186-foot yacht are premature.  The Court will therefore dismiss Counts V and VI of MWA's Amended Complaint without prejudice, with leave to refile if and when the causes of action alleged actually arise.

## **CONCLUSION**

For the foregoing reasons, Trinity's Motion to Dismiss is granted in part and denied in part. Counts V and VI are dismissed without prejudice to allow MWA to reallege its quantum meruit and unjust enrichment claims regarding the 186-foot yacht if and when such causes of action accrue. Trinity's Motion to Dismiss is denied as to all remaining counts.

DONE and ORDERED in Chambers, Miami, Florida, March 7, 2011.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record